Felipa **DE LOS ANGELES–MORENO,** a.k.a. Felipa Moreno, Petitioner,

v.

Eric H. **HOLDER,** Jr., Attorney General, Respondent.

No. 11–73834.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 19, 2013.

Cornell Eugene Kirby, Law Office of Cornell Kirby, Shoreline, WA, for Petitioner.

OIL, Colin J. Tucker, Trial, Micheline K. Hershey, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Felipa De Los Angeles–Moreno, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder,* 597 F.3d 983, 986

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying De Los Angeles–Moreno's motion to reopen as untimely because it was filed nearly two years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and De Los Angeles–Moreno failed to demonstrate changed circumstances in El Salvador to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988–89 (evidence submitted with motion to reopen must show conditions are qualitatively different than at time of hearing); *see also Almaraz v. Holder*, 608 F.3d 638, 640 (9th Cir.2010) (change in petitioner's health was a change in personal circumstances, not a change in country conditions sufficient to excuse an untimely motion to reopen).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.